ERIC GRANT
United States Attorney
JESSICA DELANEY
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:24-CR-0311-WBS |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF DEFENDANT'S PRIOR CONVICTIONS |
| v. | |
| DANIEL CHARTRAW, | |
| Defendant. | |

## I.      INTRODUCTION

The United States respectfully requests this Court deny Defendant's motion to preclude the government from introducing the defendant's prior conviction for wire fraud, should he testify. Defendant's motion fails as to Defendant's wire fraud conviction because, under Fed. R. Evid. 609(a)(2), the conviction must be admitted.  As to Defendant's prior conviction for Infliction of Corporal Injury to a Spouse, the government does not intend to admit this evidence under Fed. R. Evid 609, so the matter is moot.  To the extent the government believes that the defendant has put the conviction at issue under another federal rule of evidence, government counsel will notify the Court before attempting to introduce such evidence

## II.      ARGUMENT

**A.      Notice is not Required Under Rule 609 for this Impeachment Evidence, and,**

**Regardless, Defendant has Received Notice**

In this case, advance notice of the government's intent to use Defendant's prior convictions as impeachment evidence is not required under Fed. R. Evid. 609.  Such advance notice is required only if more than 10 years have passed since the witness's "conviction or release from confinement for it, whichever is later."  Fed. R. Evid. 609(b)(2).  Here, defendant was released from confinement in July 2016, which is less than 10 years ago.  *See* Ex. 1 (listing defendant's scheduled release date of July 22, 2016).  Therefore, notice of Defendant's prior conviction offered for impeachment is not required under the Rule.

Regardless, even if the notice requirement applied, the government's own motion in limine, filed more than a month before trial is scheduled to begin, has provided defense with advance notice of its intent to offer the impeachment evidence, should defendant elect to testify.  *See* ECF 38 at 1.  Therefore, Defendant's argument that the prior conviction cannot be offered because he did not receive notice fails. ECF 39 at 3.  Such notice is not required, and, even if it was, the notice has been provided.

**B.      The Evidence of Defendant's Prior Conviction is Automatically Admissible Under Fed. R. Evid. 609(a)(2), and no Balancing Test is Required**

In its own motion in limine, the government set forth the reasons why Defendant's wire fraud conviction must be admitted for impeachment purposes, should he testify, and why the underlying facts should be admissible under Fed. R. Evid. 404(b).  ECF 38 at 26.  The government now expressly incorporates its arguments from that filing into this brief.  Defendant's prior conviction for wire fraud is a crime of dishonesty, and therefore it must be admitted if he testifies or otherwise places his character at issue, and the court need not conduct any balancing test.

For convictions of certain crimes, "the evidence *must be admitted* if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement."  Fed. R. Evid. 609(a)(2) (emphasis added).  A conviction for wire fraud in violation of 18 U.S.C. § 1343 involves an element of dishonesty or false statement.  *See United States v. Rochelle*, 131 F.3d 150 (9th Cir. 1997) (unpublished).  Where a conviction involves "dishonesty or false statement within the meaning of rule 609(a)(2)" the conviction is automatically admissible and "the court need not conduct a balancing test."  *United States v. Glenn*, 667 F.2d 1269,

1272 (9th Cir. 1982) (internal quotation marks omitted).

Here, defendant was previously convicted of wire fraud in violation of 18 U.S.C. § 1343, which is a crime involving dishonesty or a false statement. *See* Ninth Cir. Model Crim. Jury Instr. 15.35 (listing elements involving dishonesty and false statements, including "a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises," and "the defendant acted with the intent to defraud, that is, the intent to deceive and cheat"); *see also Rochelle*, 131 F.3d 150. Because Defendant's prior conviction involved dishonesty and false statements within the meaning of Rule 609(a)(2), a balancing of factors is unnecessary, and defendant's prior conviction must be admitted under Rule 609(a)(2).

C.    **Even Were a Balancing Test to be Required for Admission, the Factors Favor Admission of Defendant's Prior Conviction**

While admission is mandatory pursuant to Rule 609(a)(2) for the reasons stated above, Defendant's prior conviction would be admissible even under a balancing test pursuant to Rule 609(a)(1).

When the government seeks to introduce evidence of prior convictions for impeachment under rule 609(a)(1), the court considers five factors balancing the probative value against the prejudicial impact of that evidence: "(1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995), *as amended on denial of reh'g* (Apr. 11, 1995). Each factor in this balancing test favors admission of Defendant's prior conviction here.

The first factor—the impeachment value of the prior crime—strongly favors admission. Here, the impeachment value is immense because the offense conduct involves lies and acts of dishonesty, which are probative of defendant's veracity on the stand. *See Rochelle*, 131 F.3d 150 (considering a wire fraud conviction as intrinsically probative of veracity). The prior conviction is also probative of Defendant's veracity because it directly goes to questions of whether Defendant made honest business mistakes, with this prior conviction demonstrating that Defendant previously made misrepresentations

3

similar to those he is now on trial for.  Because the prior conviction is strongly probative of veracity, and relevant to refuting possible defenses or excuses Defendant may offer in his testimony, the first factor favors admission.

The second factor—the point in time of the prior conviction—also favors admission.  Defendant has been released from incarceration related to this prior conviction for almost, but not quite, ten years. "By its terms, Rule 609 allows for admissibility of such a prior conviction even where the defendant has been released for up to ten years." *United States v. Browne*, 829 F.2d 760, 763 (9th Cir. 1987).  Because Defendant has been released for fewer than ten years, the point in time of the prior conviction still favors admission.

The third factor—the similarity between the prior conviction and charged crime—also permits admission.  While Defendant was convicted of an offense which is nearly identical to the offenses he is now charged with, that similarity is not an automatic bar to admission.  *See id.* (noting that a prior conviction was "not inadmissible per se, merely because the offense involved was identical to that for which the defendant was on trial").  "What matters is the balance of all five factors." *Alexander*, 48 F.3d at 1488.  Therefore, while the prior and current offenses are identical or nearly identical, this factor does not, alone, bar admission under the balancing test.

The fourth and fifth factors—the importance of defendant's testimony and the centrality of defendant's credibility—both strongly favor admission.  Here, as in other cases, the testimony of a Defendant who takes the stand and denies the charges makes his testimony and credibility crucial to the case. *Id.* at 1489.  Defendant's testimony will also be highly important should he testify, as his knowledge of the corporations and activities involved in the scheme is central to the case.  Finally, defendant's credibility is crucial.  The entire case revolves around alleged false statements and dishonest acts of Defendant, so whether the jury finds the Defendant credible will be central to the case.

Here, the totality of the five factors strongly favor admission of Defendant's wire fraud conviction.  Therefore, while balancing is not necessary under rule 609(a)(2), this evidence would still be admissible even under the rubric of Rule 609(a)(1).  Therefore, Defendant's argument to preclude the conviction under the five factor balancing test fails, and the court should deny Defendant's motion.

### III.    CONCLUSION

For these reasons, the government requests the Court deny Defendant's motion in limine to exclude his prior conviction for wire fraud from being offered for the purposes of impeachment, should defendant testify or otherwise place his character at issue.

Dated: March 30, 2026

ERIC GRANT
United States Attorney

By: /s/ *J. Douglas Harman*
J. DOUGLAS HARMAN
JESSICA DELANEY
Assistant United States Attorneys

5